(Official Form 1) (12/02) West Group, Rochester, NY

| FORM B1 | United States Bankruptcy Court | Voluntary Petition |
|---|---|---|
| 33 | EASTERN District of CALIFORNIA | |

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| KAYWOOD, LAURA W | |

| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): NONE | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
|---|---|

| Soc. Sec./Tax I.D. No. (if more than one, state all): 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 | Soc. Sec./Tax I.D. No. (if more than one, state all): |
|---|---|

| Street Address of Debtor (No. & Street, City, State & Zip Code): 3437 S FRUIT Fresno CA  93706 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
|---|---|

| County of Residence or of the Principal Place of Business: Fresno | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address): SAME | Mailing Address of Joint Debtor (if different from street address): |
|---|---|

Location of Principal Assets of Business Debtor
(If different from street address above): NOT APPLICABLE

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)
- ☑ Individual(s)
- ☐ Corporation
- ☐ Partnership
- ☐ Other _____
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)
- ☑ Consumer/Non-Business
- ☐ Business

**Chapter 11 Small Business** (Check all boxes that apply)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Filing Fee** (Check one box)
- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

THIS SPACE IS FOR COURT USE ONLY

03-61472-B-7
DEBTOR: LAURA KAYWOOD
DEBTOR IS PRO SE
JUDGE: HON. W. LEE
TRUSTEE: J. SALVEN
341 MEETING (Tentative Setting):
    1/29/04. 10:00 AM - 004
Official meeting notice to be maile
CHAPTER: 7  COUNTY: FRESNO

FILED 12/23/03 - 02:08 PM
RELIEF ORDERED
CLERK. U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION  jdaf
RECEIPT NO: 1-3-020445  $209

2383-61472

721

(Official Form 1) (12/02) West Group, Rochester, NY

## Voluntary Petition
*(This page must be completed and filed in every case)*

**Name of Debtor(s):**

LAURA W KAYWOOD

FORM B1, Page 2

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: NONE | Case Number: | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Laura W. Kaywood*
Signature of Debtor

X
Signature of Joint Debtor

(559)264-7240
Telephone Number (If not represented by attorney)

11/19/2003
Date

### Signature of Attorney

X
Signature of Attorney for Debtor(s)

Printed Name of Attorney for Debtor(s)

Firm Name

Address

Telephone Number     Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

11/19/2003
Date

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)
☐ Exhibit A is attached and made a part of this petition

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X                              11/19/2003
Signature of Attorney for Debtor(s)    Date

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health and safety?
☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

### Signature of Non-Attorney Petition Preparer
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

TOM BINFORD
Printed Name of Bankruptcy Petition Preparer

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
Social Security Number

319 E EVERGLADE
Address

FRESNO CA 93720

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X *Tom B*
Signature of Bankruptcy Petition Preparer

11/19/2003
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6 (6/90) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION DIVISION

In re *LAURA W KAYWOOD*

Case No.
Chapter    7

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages on each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | Yes | 1 | $        0.00 | | |
| B-Personal Property | Yes | 3 | $     6,570.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 1 | | $        0.00 | |
| E-Creditors Holding Unsecured Priority Claims | Yes | 1 | | $        0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $  84,823.77 ~~88,365.82~~ | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $    1,618.00 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $    1,300.00 |
| Total Number of Sheets in All Schedules ▶ | | 14 | | | |
| Total Assets ▶ | | | $     6,570.00 | | |
| Total Liabilities ▶ | | | | $  84,823.77 ~~88,365.82~~ | |

FORM B6A (10/89) West Group, Rochester, NY

In re _LAURA  W  KAYWOOD_ _____ / Debtor    Case No._____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _None_ | | | | _None_ |
| | | **TOTAL $** (Report also on Summary of Schedules.) | _0.00_ | |

No continuation sheets attached

In re  *LARA  W  KAYWOOD* _____ / Debtor     Case No. _____

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | BANK OF AMERICA WEST FRESNO, ACCT #0080312079 Location: Not In debtor's possession | | $ 500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | bedroom set, tv Location: In debtor's possession | | $ 50.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | clothing Location: In debtor's possession | | $ 20.00 |
| 7. Furs and jewelry. | | fur Location: In debtor's possession | | $ 4,500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |

Page  1  of  3

In re *LAURA  W  KAYWOOD*_____ / Debtor     Case No. _____

                                                                                    (if known

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Government and corporate bonds and other negotiable and non-negotiable Instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | | *Mckaw* *Location: In debtor's possession* | | $ 1,500.00 |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |

FORM B6B (10/89) West Group, Rochester, NY

In re *LAURA W KAYWOOD*        / Debtor        Case No. _____

(if known

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Market Value<br>of Debtor's Interest,<br>in Property Without<br>Deducting any<br>Secured Claim or<br>Exemption |
|---|---|---|---|---|
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total ➡ | $ 6,570.00 |

(Report total also on Summary of Schedules.
Include amounts from any continuation sheets attached

FORM B6C (6/90) West Group, Rochester, NY

In re

*LAURA W KAYWOOD* _____ / Debtor       Case No. _____

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b) (1):  Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b) (2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| *BANKING* | *Calif. C.C.P. §703.140(b)(5)* | $ 500.00 | $ 500.00 |
| *furniture* | *Calif. C.C.P. §703.140(b)(3)* | $ 50.00 | $ 50.00 |
| *clothing* | *Calif. C.C.P. §703.140(b)(3)* | $ 20.00 | $ 20.00 |
| *fur* | *Calif. C.C.P. §703.140(b)(4)* | $ 1,150.00 | $ 4,500.00 |
| | *Calif. C.C.P. §703.140(b)(5)* | $ 3,350.00 | |
| *animal* | *Calif. C.C.P. §703.140(b)(5)* | $ 1,500.00 | $ 1,500.00 |

FORM B6D (6/90) West Group, Rochester, NY

In re _LAURA W KAYWOOD_ _____ / Debtor     Case No._____

(if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column marked "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| No continuation sheets attached | | | Subtotal $ (Total of this page) | | | | 0.00 |
| | | | Total $ (Use only on last page. Report total also on Summary of Schedules) | | | | 0.00 |

In re *LAURA W KAYWOOD* _____ / Debtor     Case No._____
                                                                (if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☒  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**     (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**
Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

No continuation sheets attached

FORM B6F (9/97) West Group, Rochester, NY

In re _LAURA W KAYWOOD_____ / Debtor     Case No. _____

<span style="text-align:right">(if known)</span>

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | |
| Account No:   4264296270126136<br>Creditor # : 1<br>AAA Financial Services<br>PO Box 15137<br>Wilmington DE 19886-5137 | | unknown<br>Collection | | | | $ 8,793.90 |
| Account No:   2595391521<br>Creditor # : 2<br>Chase Advantage Credit<br>PO Box 52065<br>Phoenix AZ 85072-2064 | | unknown<br>Credit Card Purchases | | | | $ 3,181.97 |
| Account No:   4211511000119241<br>Creditor # : 3<br>Chase Gold Visa<br>PO Box 52195<br>Phoenix  AZ 85072-2195 | | unknown<br>Credit Card Purchases | | | | $ 4,080.00 |
| Account No:   5491040232037839<br>Creditor # : 4<br>Chase Mastercard<br>PO Box 52195<br>Phoenix AZ 85072 | | unknown<br>Credit Card Purchases | | | | $ 5,998.19 |

_2 continuation sheets attached_

| | |
|---|---|
| **Subtotal $**<br>(Total of this page) | 22,054.06 |
| **Total $**<br>(Report total also on Summary of Schedules) | |

FORM B6F (9/97) West Group, Rochester, NY

In re _LAURA W KAYWOOD_____ / Debtor          Case No. _____

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| **Account No:** 1325039889<br>Creditor # : 5<br>Chevron<br>PO Box 2001<br>Concord CA 94529-0001 | | unknown<br>*Credit Card Purchases* | | | | $ 246.38 |
| **Account No:** 6011009230159241<br>Creditor # : 6<br>Discover Card<br>PO Box 30395<br>Salt Lake City UT 30395 | | unknown<br>*Credit Card Purchases* | | | | $ 7,296.04 |
| **Account No:** 21-35<br>Creditor # : 7<br>FELCO<br>9666 Olive Blvd., 790<br>St Louis MO 63132 | | unknown<br>*Deficiency Balance* | | | | $ 7,254.05 |
| **Account No:** 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<br>Creditor # : 8<br>IRS<br>PO Box 24017<br>Fresno  CA 93779 | | Unknown<br>*Tax for 1999* | | | | $ 41,019.73 |
| **Account No:** 0283601557<br>Creditor # : 9<br>JCPenney<br>PO Box 960001<br>Orlando  FL 32896-0001 | | unknown<br>*Credit Card Purchases* | | | | $ 532.70 |
| **Account No:** 373744428332003<br>Creditor # : 10<br>Nationwide Credit Inc<br>PO Box 740640<br>Atlanta  GA 30374-0640 | | unknown<br>*Collection* | | | | $ 3,045.70 |

Sheet No. _1_ of _2_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

**Subtotal $** (Total of this page)          59,394.60

**Total $** (Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _LAURA W KAYWOOD_____ / Debtor          Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | H—Husband W—Wife J—Joint C—Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **Account No:** 0380274656269 _Creditor # : 11_ _Sears_ _PO Box 182149_ _Columbus OH 43218-2149_ | | | **unknown** _Credit Card Purchases_ | | | | $ 803.48 |
| **Account No:** 6091860 _Creditor # : 12_ _Sunrise Credit Services L2_ _260 Airport Plaza_ _Farmingdale NY 11735-3946_ | | | **unknown** _Collection_ | | | | $ 2,571.63 |
| **Account No:** | | | | | | | |
| **Account No:** | | | | | | | |
| **Account No:** | | | | | | | |
| **Account No:** | | | | | | | |

Sheet No. _2_ of _2_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal $ (Total of this page) | 3,375.11 |
|---|---|---|
|  | Total $ (Report total also on Summary of Schedules) | 84,823.77 |

FORM B6G (10/89) West Group, Rochester, NY

In re *LAURA W KAYWOOD* _____ / Debtor     Case No. _____

                                                                  (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

FORM B6H (6/90) West Group, Rochester, NY

In re _LAURA W KAYWOOD_ _____ / Debtor      Case No. _____
                                                                    (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☑ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

FORM B6I (6/90) West Group, Rochester, NY

In re _LAURA W KAYWOOD_____/ Debtor     Case No. _____

(if known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: _Single_ | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| | | | |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How Long Employed | | |
| Address of Employer | | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 0.00 | $ 0.00 |
| Estimated Monthly Overtime | 0.00 | 0.00 |
| SUBTOTAL | $ 0.00 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll Taxes and Social Security | $ 0.00 | $ 0.00 |
| b. Insurance | 0.00 | 0.00 |
| c. Union Dues | 0.00 | 0.00 |
| d. Other (Specify): | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from Real Property | 0.00 | 0.00 |
| Interest and dividends | 0.00 | 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | 0.00 | 0.00 |
| Social Security or other government assistance Specify: _SOCIAL SECURITY_ | 1,618.00 | 0.00 |
| Pension or retirement income | 0.00 | 0.00 |
| Other monthly income Specify: | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| TOTAL MONTHLY INCOME | 1,618.00 | 0.00 |
| TOTAL COMBINED MONTHLY INCOME     $ 1,618.00 (Report also on Summary of Schedules) | | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re _LAURA W KAYWOOD_ _____ / Debtor　　Case No. _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 350.00 |
| Are real estate taxes included? Yes ☐ No ☒ | | |
| Is property insurance included? Yes ☐ No ☒ | | |
| Utilities: Electricity and heating fuel | $ | 200.00 |
| Water and sewer | $ | 0.00 |
| Telephone | $ | 0.00 |
| Other | $ | 0.00 |
| Home maintenance (Repairs and upkeep) | $ | 0.00 |
| Food | $ | 350.00 |
| Clothing | $ | 50.00 |
| Laundry and dry cleaning | $ | 0.00 |
| Medical and dental expenses | $ | 100.00 |
| Transportation (not including car payments) | $ | 0.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | $ | 0.00 |
| Life | $ | 0.00 |
| Health | $ | 150.00 |
| Auto | $ | 0.00 |
| Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | | |
| Specify: | $ | 0.00 |
| Installment payments: (in chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 0.00 |
| Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other: _MISC_ | $ | 50.00 |
| TOTAL MONTHLY EXPENSES　　(Report also on Summary of Schedules) | $ | 1,300.00 |

In re  *LAURA W KAYWOOD*_____ / Debtor      Case No. _____

                                                                          (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    15    sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: *11/19/2003*_____      Signature  *Laura W. Kaywood*_____
                                            LAURA W KAYWOOD

---

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER   (See 11.U.S.C. § 110)

I certify that I am a bankruptcy preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Preparer:  *TOM BINFORD*                        Social security No. : *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*
           *319 E EVERGLADE*

           *FRESNO CA   93720*

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:
*None*

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

x  *Tom Bin*_____      Date: *11/19/2003*_____
   TOM BINFORD

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and  the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION DIVISION

In re *LAURA W KAYWOOD*

Case No.
Chapter   7

_____/ Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

## 1. Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 2. Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| Year to date:$9,708.00 | *SOCIAL SECURITY* |
| Last Year:$19,836.00 | *SOCIAL SECURITY* |
| Year before:$18,720.00 | *SOCIAL SECURITY* |

Form 7 (9/00) West Group, Rochester, NY

## 3. Payments to creditors.

    a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Creditor:AAA FINANCIAL SERVICES | 6/03 | $771 | 8793.00 |
| Address:PO BOX 15137 | 6/03 | $771 | |
|     WILMINGTON DE 19886 | | | |

    b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 4. Suits and administrative proceedings, executions, garnishments and attachments.

    a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 5. Repossessions, foreclosures and returns.

    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Name:FELCO AUTO LEASE | 4/03 | Description:1987 Ford Explorer |
| Address:9666 OLIVE BLVD | | Value: unknown |
|     ST LOUIS MO | | |
| 63132 | | |

## 6. Assignments and receiverships.

    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**7. Gifts.**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**8. Losses.**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**9. Payments related to debt counseling or bankruptcy.**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: TOM BINFORD* <br> *Address:* <br> *319 E EVERGLADE* <br> *FRESNO, CA 93720* | *Date of Payment:6/9/03* <br> *Payor: LAURA W KAYWOOD* | *$125.00* |

---

**10. Other transfers.**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**11. Closed financial accounts.**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| *Institution:BANK OF AMERICA* <br> *Address:W FRESNO, CA* | *Account Type and No.:SAVINGS, ACCT #UNKNOWN* <br> *Final Balance:ZERO BALANCE* | *3/03* |

---

**12. Safe deposit boxes.**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**13. Setoffs.**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**14. Property held for another person.**

List all property owned by another person that the debtor holds or controls.

☒ NONE

---

**15. Prior address of debtor.**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

☒ NONE

---

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, release of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under and Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

---

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

---

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

---

Statement of Affairs - Page 4

## 18. Nature, location and name of business

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencment of this case.

☒ NONE

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date _11/19/2003_                    Signature _~~Laura W Kaywood~~_
                                                 LAURA W KAYWOOD

Date _____                    Signature _____

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. § 152 and § 3571.

Form 7 (9/00) West Group, Rochester, NY

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER(See 11.U.S.C. § 110)

I certify that I am a bankruptcy preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Preparer:   *TOM BINFORD*                                      Social Security No.:   *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*
            *319 E EVERGLADE*
            *FRESNO CA 93720*


Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

*NONE*

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____              Date:   *11/19/2003*
*TOM BINFORD*

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Form B 280 (12/94) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION DIVISION

In re *LAURA W KAYWOOD*

Case No.

Chapter  7

Address: *3437 S FRUIT*
      *Fresno CA   93706*

Social Security No(s).: *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*

Employer's Tax Identification No(s). [if any]: _____ / Debtor

## DISCLOSURE OF COMPENSATION OF BANKRUPTCY PETITION PREPARER

1. Under 11 U.S.C. § 110(h), I declare under penalty of perjury that I am not an attorney or employee of an attorney, that I prepared or caused to be prepared one or more documents for filing by the above-named debtor(s) in connection with this bankruptcy case, and that compensation paid to me within one year before the filing of the bankruptcy petition, or agreed to be paid to me, for services rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For document preparation services, I have agreed to accept . . . . . . . . . . . . . . $_____ *125.00*

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . $_____ *125.00*

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *0.00*

2. I have prepared or caused to be prepared the following documents (itemize):
   *PETITION, SCHEDULES, FINANCIAL AFFAIRS, INTENTIONS, MATRIX*

and provided the following services (itemize):
    *TYPING OF FORMS, COPIES REQUIRED BY COURT, MESSENGER SERVICE TO FILE*

3. The source of the compensation paid to me was:
    ☒ Debtor
    ☐ Other:

4. The source of compensation to be paid to me is:
    ☒ Debtor
    ☐ Other:

5. The foregoing is a complete statement of any agreement or arrangement for payment to me for preparation of the petition filed by the debtor(s) in this bankruptcy case.

6. To my knowledge no other person has prepared for compensation a document for filing in connection with this bankruptcy case except as listed below:

NAME                        SOCIAL SECURITY NUMBER

## DECLARATION OF BANKRUPTCY PETITION PREPARER

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

X _____       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       11/19/2003
           Signature           Social Security Number      Date

Name (Print): *TOM BINFORD*
Address:      *319 E EVERGLADE*
            *FRESNO CA  93720*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION DIVISION

In re  *LAURA  W  KAYWOOD*

Case No.
Chapter   7

_____ / Debtor

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

a.  **Property to Be Surrendered.**

| Description of Property | Creditor's Name |
|---|---|
| *None* | |

b.  **Property to Be Retained.** [Check any applicable statement.]

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| *None* | | | | |

### Signature of Debtor(s)

Date: _11/19/2003_

Debtor: *Laura W. Kaywood*

Date: _11/19/2003_

Joint Debtor: _____

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER   (See 11.U.S.C. § 110)

I certify that I am a bankruptcy preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Preparer:   *TOM BINFORD*                                    Social security No. :  *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*
            *319 E EVERGLADE*

            *FRESNO CA   93720*

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:
*None*

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____                Date: *11/19/2003* _____
   TOM BINFORD

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and  the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. § 341

INTRODUCTION
Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of

  (1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
  (2) the effect of receiving a discharge of debts;
  (3) the effect of reaffirming a debt; and
  (4) your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

WHAT IS A DISCHARGE?
The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every six (6) years.

WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?
The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy.

WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?
After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary - they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

OTHER BANKRUPTCY OPTIONS
You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,077,000 ($269,250 in unsecured debts and $807,750 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re *Laura Kaywood*     )
                     )     Bankruptcy Case No.
                     )
                     )
         Debtor(s).      )

## NOTICE TO DEBTOR CONCERNING BANKRUPTCY PETITION PREPARERS

Bankruptcy petition preparers are non-attorneys who are not authorized to practice law or give legal advice.

**NOTICE IS HEREBY GIVEN** that the Court has issued the attached *Bankruptcy Petition Preparer Guidelines* governing the work performed and fees charged by bankruptcy petition preparers in Eastern District of California cases.

Under the *Guidelines*, a bankruptcy petition preparer must give the debtor a copy of this notice before taking any money or property from the debtor or on behalf of the debtor for payment and before preparing any papers for filing in the bankruptcy court. The debtor and the bankruptcy petition preparer must sign a copy of this Notice in the spaces provided below. A copy must be furnished to the debtor by the bankruptcy petition preparer, and the original plus four copies must be filed with the Bankruptcy Court.

California law prohibits any non-attorney from rendering legal advice. Legal advice includes, but is not limited to, advice concerning the following:

- ◆ Whether the debtor should file bankruptcy and the chapter under which the petition should be filed;

- ◆ Whether debts will be eliminated, or "discharged," in a bankruptcy case;

- ◆ Whether the debtor will be able to keep their home after filing a bankruptcy case;

- ◆ The tax consequences of filing a bankruptcy case;

- ◆ Whether the debtor should promise to repay, or "reaffirm," a debt; and

- ◆ The exemptions available in bankruptcy, and what property can be claimed as exempt.

Unless approved by the court, a bankruptcy petition preparer may not charge the debtor more than $125 for preparing a bankruptcy petition, including expenses (such as photocopies, postage, telephone charges, and courier services). This fee does not include the petition filing fee. The filing fee must be paid directly to the Clerk of Court by the debtor.

The attached *Guidelines* contain additional restrictions. The debtor shall read the *Guidelines* in order to know what the Court requires of bankruptcy petition preparers.

Debtors with questions concerning bankruptcy petition preparers or who believe that the *Guidelines* have been violated, should contact the appropriate Office of the U.S. Trustee (Sacramento: (916) 498-5990; Fresno/Modesto: (209) 498-7400).

> FOR THE COURT
> RICHARD G. HELTZEL, CLERK
> U.S. BANKRUPTCY COURT

## DEBTOR'S CERTIFICATION

I, _Laura Kaywood_ , and _____,
the debtor(s) in the above-captioned case, have read and understand the foregoing information and attached *Guidelines*.

Dated: _11-18-03_

_Laura W. Kaywood_
(Debtor's Signature)

Dated: _____

_____
(Joint Debtor's Signature)

## BANKRUPTCY PETITION PREPARER'S CERTIFICATION

I, _Tom Binford_ , hereby certify under penalty of perjury that I am the bankruptcy petition preparer who has assisted the debtor(s) in filing the above-captioned case. I have not charged fees in excess of the amount allowed in Guideline 2, nor have I advised the debtor concerning any of the matters referred to in Guideline 1.

Dated: _11-18-03_

_Tom B_
(Bankruptcy Petition Preparer's Signature)

SS# _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_
(Preparer's Social Security/Tax I.D. No.)

_Tom Binford_
(Preparer's Printed or Typed Name)

_319 E EVERGLADE, Fresno CA_
(Preparer's Address)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

### GUIDELINES PERTAINING TO BANKRUPTCY PETITION PREPARERS IN EASTERN DISTRICT OF CALIFORNIA CASES

The following guidelines are issued pursuant to Local Bankruptcy Rule 1001(d) and concern the compensation and conduct of bankruptcy petition preparers[1] in Eastern District of California bankruptcy cases. They reflect rebuttable presumptions which the court may, upon motion, noticed to the debtor, case trustee and U.S. Trustee, modify in a particular case or class of cases.

1.  Bankruptcy petition preparers are authorized to provide typing and document filing services and may type bankruptcy petitions, forms and other documents and submit them for filing with the Clerk's Office. They are not authorized to practice law and are prohibited from giving legal advice, which includes, but is not limited to, the following advice:

    a.  Whether to file bankruptcy;

    b.  The Bankruptcy Code chapter under which to file a petition;

    c.  How the debtor should respond to a question, or questions, set forth in bankruptcy forms and/or the information to be provided in other documents filed in connection with a bankruptcy case;

    d.  The exemptions available to the debtor and/or which the debtor should claim;

    e.  Whether particular debts are dischargeable or nondischargeable;

    f.  The effect that filing bankruptcy will have on a foreclosure action and/or whether the debtor will keep their home;

    g.  Whether the debtor may avoid or eliminate any lien or recover any property as a result of bankruptcy;

    h.  Whether the debtor may and/or should redeem property;

    i.  Whether the debtor may and/or should reaffirm a debt;

    j.  Whether the debtor is entitled to a discharge under the Bankruptcy Code, and/or what defenses the debtor may have to an objection to discharge; and

    k.  The tax consequences of any aspect of the bankruptcy case.

[1] Section 110(a) of the Bankruptcy Code (11 U.S.C. § 110(a)) defines "bankruptcy petition preparer" as a person, other than an attorney or an employee of an attorney, who prepares for compensation a petition or other document for filing by a debtor in a U.S. bankruptcy court or a U.S. district court in connection with a bankruptcy case.

2.    The fee paid by the debtor to a bankruptcy petition preparer for typing and filing a bankruptcy petition may not exceed $125.00, including expenses (such as photocopies, postage, telephone charges, and courier services).

3.    According to section 110(g) of the Bankruptcy Code (11 U.S.C. § 110(g)), the fee for filing a bankruptcy petition must be paid by the debtor directly to the Clerk of the U.S. Bankruptcy Court. No part of the filing fee may be collected or received by the bankruptcy petition preparer from the debtor or on behalf of the debtor for payment to the Clerk by the bankruptcy petition preparer.

4.    Leave to pay the filing fee in installments will not be granted to individuals, who within one year prior to filing the petition, paid any money, or transferred any property to, a bankruptcy petition preparer for services in connection with filing the petition. In these cases, the full amount of the fee must be paid at the time the petition is submitted for filing.

5.    Upon motion of the debtor, the trustee, a creditor, the United States Trustee, or upon its own motion, the court may disallow and order the turnover of all, or a portion, of the fee paid to a bankruptcy petition preparer. The entire fee may be ordered forfeited where the bankruptcy petition preparer has acted incompetently or illegally, has violated any provision of section 110 of the Bankruptcy Code (11 U.S.C. § 110), or has failed to comply with the provisions of these Guidelines.

6.    Before preparing a bankruptcy petition or first document for filing, or accepting any money from or on behalf of the debtor, a bankruptcy petition preparer shall provide a copy of these Guidelines to the debtor, together with a copy of the *Notice to Debtor Concerning Bankruptcy Petition Preparers*. The debtor shall read and sign the notice, and a copy of the signed notice will be provided to the debtor by the bankruptcy petition preparer. The original plus four copies of the Notice must be filed with the court along with the petition or the first document prepared by the bankruptcy petition preparer.

7.    Debtors, trustees and others who believe a bankruptcy petition preparer has violated any provision of section 110 of the Bankruptcy Code (11 U.S.C. § 110) should so advise the Office of the United States Trustee.

Dated: October 20, 1997

_____
DAVID E. RUSSELL, CHIEF JUDGE

_____
RICHARD T. FORD, JUDGE

_____
CHRISTOPHER M. KLEIN, JUDGE

_____
BRETT DORIAN, JUDGE

_____
MICHAEL S. MCMANUS, JUDGE

_____
JANE DICKSON MCKEAG, JUDGE